No. 46.—WILLIAM B. HAMILTON, plaintiff in error, *vs.* JNO. MORELAND and another, defendants in error.

[1.] In making out title to land, under a Sheriff's deed, it is sufficient *prima facie* evidence to shew the execution and the Sheriff's conveyance, and it is not necessary to produce the judgment.

[2.] An *execution* emanating from a Justices' Court, need not show on its face, all the proceedings which are necessary to give that Court jurisdiction.

Ejectment, in Cobb Superior Court. Tried before Judge IRVIN, March Term, 1854.

In the progress of this cause, a Sheriff's deed was offered in evidence, and to support the same, a *fi. fa.* from a Justices' Court, under which the land was sold, was offered in evidence, to which counsel for plaintiffs below objected—

1st. Because the judgment on which it issued, was not produced.

2d. Because it did not show, upon its face, that the Court issuing it had jurisdiction.

The Court over-ruled these objections, and this decision is assigned as error.

McDONALD, for plaintiff in error.

RICE, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

[1.] I am content to affirm the judgment of the Court

below, upon the first assignment of error, on the uniform practice which has obtained throughout the State, with the exception of one circuit, perhaps, time whereof the memory of the oldest practitioners runneth not to the contrary. The rule has always been, that the purchaser of property at Sheriff's sale, in making out his title, should produce his deed and the execution, only, under which the sale was made, and not in addition to this, the judgment on which the execution issued. And the experience of a half century has demonstrated this to be a convenient and safe-working rule.

Why should the purchaser at Sheriff's sale, be compelled to look beyond the execution? This, under our law, gives authority to the Sheriff to sell; and the sale, when lawfully made by the proper functionary of the government, being the foundation of the Sheriff's deed, such deed and execution should constitute sufficient evidence, *prima facie*, of the investiture of title in the purchaser. We do not hold that such evidence of title is *conclusive* as to strangers. To them should be reserved the right to show, that the judgment from which the execution emanated, was a nullity, or to attack the proceeding on any other ground. But surely there is both convenience and propriety, in giving to such execution and Sheriff's conveyance, the force and efficacy of *prima facie* evidence of title in the purchaser, who is not presumed to be acquainted with the judgment, or competent to decide on its binding or legal efficacy.

By the adjudications of the British Courts, it seems to be well settled, that an officer justifying under a writ or execution, is bound to show the writ or execution, only; and that, if it clothe him with the proper authority, is his complete justification. But it is otherwise with the plaintiff in the action; for he being a party to the proceeding and of consequence conversant thereof, and responsible for its correctness, must justify by showing, not only the writ of execution, but the judgment also. Although not resembling it in its circumstances, in principle, this case bears the strongest analogy to the present.

What is the argument, I will not say, of the distinguished

Hamilton *vs.* Moreland and another.

counsel who represents the plaintiff in error, and who relies alone upon a *dictum* in Mr. *Greenleaf's Treatise on Evidence*, to overturn his own and the practice of every other Judge and lawyer in the State. I repeat, what is the argument which is adduced to establish that the failure of the purchaser to produce the judgment upon which the execution issued, is a radical defect in his proof of title to the land in controversy? It is this, namely: that it is only in satisfaction of *judgments*, that the law subjecting lands to the payment of debts, authorizes them to be sold; and that, consequently, proof of the rendition of the judgment is essential to support the title of the purchaser of land under execution.

But it is not true, under our system, that it is *only* in satisfaction of *judgments*, that the law subjecting land to the payment of debts, authorizes them to be sold—with us, the execution confers this authority; under and in satisfaction thereof, the proper officer is empowered to seize and sell all the property of the defendant. True, under a Justices' Court *fi. fa.* real estate can not be levied on until the personalty is first exhausted. Of course there must be a judgment; still, it is in virtue of the execution that the sale is effected.

Confidence in public sales, by creating competition, greatly subserves the interests of creditor, debtor and purchaser. It imposes no onerous duty on purchasers, to inspect the writ of *fieri facias*, to see that it is in due and proper form, and with all legal requisites, as to entries and returns. But this done, the rights acquired under such sales, should be protected and secured by all the sanctions the law can furnish. Knowing, as we do, how our public domain has been settled; that executions issuing on judgments, obtained in Camden and Chatham, have been frequently levied on land lying in the northernmost parts of the State, we can readily anticipate that the decision which we are asked to make, would not only be productive of much unnecessary trouble and expense, but result, as we verily believe, in the most ruinous and disastrous consequences.

[2.] The second assignment of error is, that the *fi. fa.* did

VOL. XV. 44

not show on its face, that the Court which issued it had jurisdiction. Extremists, even, have never insisted that the precept to enforce the judgments of Courts of limited jurisdiction, should set forth all the proceedings which are necessary to confer jurisdiction.

The case of *Gray vs. McNeal*, (12 *Ga. R.* 424,) is cited in support of this exception. But the decision there, was in reference to the *judgments* of Courts of limited jurisdiction, and not to *executions*. Moreover, I would suggest, that the rigid doctrine there stated, as applicable to the proceedings of our Courts of Ordinary, was greatly modified in the case of *Tucker and Harris*, decided at Macon, the February ensuing. Moreover, I am, and always have been, well persuaded, that the principles of the Common Law, as applicable to Courts of special jurisdiction, should never be enforced in this State, in all their stringency, considering the very loose manner in which business has been transacted in our Courts of Ordinary and Justices' Courts. And in this opinion, I am authorized to announce that both of my brethren fully concur.

Judgment affirmed.