*E. R. Jones, R. J. Bacon,* for defendant.

---

### 4253.  FULTON v. GRAHAM.

1. A motion to set aside a judgment must be filed within three years after the rendition of the judgment.
2. The evidence demanded a verdict in favor of the defendant, and it was error to overrule his motion for a new trial.

DECIDED OCTOBER 9, 1912.

Trover; from city court of Savannah—Judge Davis Freeman. April 5, 1912.

*Osborne & Lawrence,* for plaintiff in error.

*Anderson, Cann & Cann,* contra.

POTTLE, J.  This was an action of trover, to recover three head of cattle, or statutory damages in lieu thereof. The plaintiff prevailed, and the defendant filed both a motion to set aside the judgment and a motion for a new trial. Both motions were overruled, and the defendant excepted.

1.  The motion to set aside the judgment was upon the ground that the court was without jurisdiction of the person of the defendant, who did not reside in the county where the suit was brought

and did not waive jurisdiction or appear and plead either in person or by an authorized attorney. A sufficient reply to the motion in arrest is that it was filed more than three years after the rendition of the judgment. Civil Code (1910), § 4358.

2. Upon the merits the defendant showed, that the plaintiff had pastured some cows with the owners of a pasture and had failed to pay the compensation agreed on for pasturage, and that the owners of the pasture had foreclosed a lien for their fees, and the lien execution had been levied upon the cattle in dispute. It further appeared, that an execution had been issued upon a common-law judgment against the plaintiff as principal and the defendant as surety; that the defendant had paid off this execution and had it transferred to him, and that under it likewise the property in dispute had been levied on and brought to a sale, at which defendant became the purchaser. The lien execution is not in the record nor properly accounted for; so the defendant did not make sufficient proof of title under the lien-foreclosure proceedings, though it would seem that under our code an agistor would be entitled to a lien as a bailee for services rendered in pasturing cattle. Civil Code (1910), § 3491; *Wilensky* v. *Martin*, 4 *Ga. App.* 187 (60 S. E. 1074); 2 Cyc. 315 et seq. But, without reference to this, the execution transferred to the defendant as surety was apparently regular and valid, and passed title into the levying officer, even if the subsequent proceedings were irregular. Though the execution emanated from a justice's court, it was not necessary to show on its face all the proceedings essential to give the court jurisdiction. *Hamilton* v. *Moreland*, 15 *Ga.* 343. This execution showing title outstanding in the levying officer, the prima facie case made by the plaintiff was rebutted, and the evidence demanded a verdict for the defendant. Consequently his motion for a new trial should have been granted.                    *Judgment reversed.*